991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John PACK, Plaintiff-Appellant,
v.
Stephen KAISER, Defendant-Appellee.
 No. 92-6367.
 United States Court of Appeals, Tenth Circuit.
 March 29, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 Plaintiff John Pack, an Oklahoma state prisoner, attempted to file a pro se complaint in district court pursuant to 42 U.S.C. § 1983. This was accompanied by a motion for leave to proceed in forma pauperis (IFP), supported by the poverty declaration required by 28 U.S.C. § 1915(a). The district court denied the application for IFP status because plaintiff's mandatory savings account at the prison contained more than $200, and it dismissed the action when plaintiff did not pay the filing fee. Plaintiff appealed the judgment. We grant plaintiff's motion to proceed on appeal IFP.[1]
 
 
 2
 We address only the issue whether the district court properly denied plaintiff's IFP application, thereby refusing to permit him to proceed with suit.
 
 
 3
 Oklahoma law requires at least twenty per cent of an inmate's wages be segregated in an account to be paid upon an inmate's discharge or assignment to a prerelease program. Those funds may, however, be used for fees and costs of filing a civil suit in federal court. Okla.Stat.Ann. 57, § 549(A)(5). The district court has adopted a rule, W.D.Okla. Local Rule 5H, permitting denial of IFP status when a prisoner's account balance exceeds $200. Plaintiff's declaration supporting his IFP motion reveals sufficient funds in plaintiff's account to cover the costs of initiating suit. A person should not be denied the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute." Adkins v. E.I DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). However, prisoners may be required to utilize funds in prison accounts in order to initiate litigation, Shimabuku v. Britton, 357 F.Supp. 825, 826 (D.Kan.1973), aff'd, 503 F.2d 38 (10th Cir.1974), and there is no indication in the record of any special circumstances that would render plaintiff unable to use these funds to support his litigation.
 
 
 4
 The district court's denial of IFP status is supported by the law and was not an abuse of discretion.[2]
 
 
 5
 AFFIRMED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Despite our affirmance of the district court's decision, we grant plaintiff the right to proceed on appeal in forma pauperis. This is done both to reach the merits of his claim and to leave him sufficient money in his prison account to enable him to pay the fees necessary to file his complaint in district court if he chooses to do so
 
 
 [2]
 Because plaintiff was not permitted to file his complaint, it is not included in the record on appeal. Thus, we do not comment on the merits of plaintiff's alleged cause of action and whether it might survive dismissal under 28 U.S.C. § 1915(d) or the Federal Rules of Civil Procedure if plaintiff decides to pay the filing fee in order to get his complaint before the district court. We have examined only whether procedurally this matter was handled correctly under 28 U.S.C. § 1915(a), applicable Oklahoma law and rules of the district court